PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY AIKENS,

       Plaintiff,

  -v-                                     16-CV-772S
                                           ORDER

MR. HERBST, et al,

       Defendants.
_____

       Plaintiff, an inmate at the Attica Correctional Facility ("Attica"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 and the Eighth Amendment alleging deliberate indifference to his medical needs by several correctional officers and the prison medical staff. Plaintiff filed his original Complaint on September 26, 2016 along with a Motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Docket Nos. 1, 2). Plaintiff filed an Amended Complaint on October 20, 2016 (Docket No. 4), and, on November 8, 2016, he filed a Second Amended Complaint, which will be addressed herein as the operative pleading (Docket No. 6). This Court finds that Plaintiff has met the statutory requirements to proceed as a poor person and has submitted a signed Authorization. Therefore, Plaintiff's request to proceed *in forma pauperis* is granted.

       Plaintiff has also filed an *ex parte* Motion for a temporary restraining order and preliminary injunction seeking an order enjoining the Defendants from inflicting "any harm, assaults on person [and] property and any form of retaliation in any way, and cruel and unusual punishment or violation of any United States constitutional rights of plaintiff." (Docket No. 8.) In support of the Motion for a temporary restraining order and preliminary injunction, Plaintiff asserts that since filing a prior action in this Court (*Aikens*

1

*v. Rao*, 13-CV-01088-WMS), he has been "constantly" harassed; his mail has been tampered with or thrown away; he has been denied access to the court and the legal resources needed to litigate his case; his cell is repeatedly searched; and he is being denied medical care.  Plaintiff has attached to his Motion a medical record containing the results of magnetic resonance imaging ("MRI") of his spine, which revealed a large central disc protrusion at L4-L5 causing severe central canal stenosis and moderate central canal stenosis at L3-L4.  (Docket No. 8.)  He also submits a sworn affidavit alleging that he no longer has access to a "TENS unit," which was necessary to treat his back pain.  (Id.)

> Rule 65(b) (1) of the Federal Rules of Civil Procedure provides that:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "Generally, a party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of N.Y.*, 626 F.3d 47, 52-53 (2d Cir. 2010) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010)).

Here, Plaintiff does not demonstrate any effort to notify the Defendants of his request for injunctive relief, nor do his papers demonstrate a likelihood of success on the merits and irreparable injury, or raise any serious questions going to the merits.

Moreover, none of the Defendants named in the Second Amended Complaint are alleged to have engaged in any of the actions asserted in the Motion, nor is any Defendant alleged to be in position to engage in the non-medical acts Plaintiff seeks to enjoin.  *See Allen v. Brown*, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) ("the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint").  Plaintiff has not stated any factual allegations to support his general assertions that unnamed prison staff members have been harassing him and tampering with his mail.  With respect to the denial of medical care, Plaintiff has not raised any serious questions going to the merits of this claim.  This Court also notes that the medical record related to his back condition does not support his Motion in any relevant manner.

Consequently, Plaintiff's Motion for a temporary restraining order and preliminary injunction is denied.

In addition to the above findings, this Court has screened Plaintiff's Second Amended Complaint with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Section 1915(e) provides that a court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(b).  Generally, however, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard

prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Id.* (internal quotation marks omitted).

In order to state a claim of deliberate indifference to medical needs under the Eighth Amendment, Plaintiff must establish that Defendants acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The subjective component requires "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result," but "more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

In his Second Amended Complaint, Plaintiff alleges that he developed a severe rash due to infected bedding after being moved to a new unit in the prison on November 19, 2015. Plaintiff was seen the same day by Defendant Herbst, who was delivering pain medication to treat Plaintiff's back condition. Defendant Herbst advised him to "drop a sick call slip to be seen for the severe rash." (Docket No. 6 ¶ 3.) Plaintiff also flagged down Defendant Sgt. Zolads and advised him that his bedding and mattress had caused him to develop a severe rash. Sgt. Zolads responded that he would "see what [he] could do." (Docket No. 6 ¶ 4.) Plaintiff's mattress and bedding were changed

at 2:30 P.M. on the following day, November 20, 2015.  Fifteen minutes later, Defendant Herbst responded to Plaintiff's cell for the sick call and provided him with three doses of "Diphen" to treat the rash.  (Docket No. 6 ¶ 11.)  Defendant Herbst declined Plaintiff's request to see a doctor, stating that the condition of the rash was not severe enough and advising Plaintiff to file a grievance.  Plaintiff alleges that he was then threatened by an unknown correction officer to avoid causing "any problems because things will happen to [Plaintiff] and he would never leave the SHU in one peace [sic]."  (Docket No. 6 ¶ 12.)  The next day, Nurse Singleton, who was delivering Plaintiff's back pain medication, assessed Plaintiff's rash and advised him that she would process an order for the proper medication to treat his rash and itchiness.  Plaintiff alleges that the promised medication did not arrive until November 27, 2015 and that, in the meantime, he was deprived of sleep for approximately seven days.

Under the standard stated above, the facts as they are alleged in the Second Amended Complaint are not sufficient to demonstrate a claim of deliberate indifference to Plaintiff's medical needs by Defendants.  "[T]he liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted).  First, Plaintiff has not alleged the existence of a serious medical condition.  *See Chance*, 143 F.3d at 702 (noting that a serious medical condition is one that may result in death, degeneration, or chronic and substantial pain); *Lewal v. Wiley*, 29 F. App'x 26, 29 (2d Cir. 2002) (prisoner's allegations of a persistent rash were not sufficient to allege the existence of a serious medical condition).

Second, Plaintiff has failed to allege anything more than mere negligence on the part of the prison medical staff, and he has failed to allege any wrongdoing on the part of the non-medical staff. The decision to prescribe one form of medication in lieu of another does not constitute deliberate indifference to a prisoner's serious medical needs. *See Rush v. Fischer*, 923 F.Supp.2d 545, 555 (S.D.N.Y. 2013). To meet the deliberate indifference threshold, a plaintiff must set forth facts in the record establishing that the decision to prescribe a certain medication, and a determination concerning the severity of the medical condition presented, was based on something other than medical judgment. *See id.*, at 555 (plaintiff provided no factual allegations establishing that the decision to provide a less strong pain medication deviated from reasonable medical practice for the treatment of his pain). A plaintiff must also set forth factual allegations establishing that the named defendants acted with the culpable state of mind in making these decisions. Furthermore, to the extent that Plaintiff has attempted to raise an Eighth Amendment sleep deprivation claim for the period before his rash medication was received, he has failed to allege any harmful effects on his health beyond mere discomfort. *See Holmes v. Fischer*, 2016 WL 552962, at *17 (W.D.N.Y. 2016) (citing *Jones v. Smith*, 2015 WL 5750136, at *15 (N.D.N.Y. Sept. 30, 2015) ("Plaintiff does not allege any health effects resulting from the alleged sleep deprivation that would rise to the severity necessary to trigger Eighth Amendment concerns.")).

Because Plaintiff has not alleged facts sufficient to sustain a claim of deliberate indifference to medical needs or prison conditions against any of the Defendants, the Second Amended Complaint is subject to dismissal. However, this Court will permit Plaintiff to file an amended complaint in which the necessary factual allegations, as

discussed above, must be set forth. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a) (leave to amend shall be freely given).

## **CONCLUSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted (Docket No. 2). Plaintiff's Motion for a Temporary Restraining Order is denied. (Docket No. 8). For the reasons set forth above, the Second Amended Complaint (Docket No. 6) must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff files an amended complaint by **May 15, 2017** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior Complaints in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint <u>must include all of the allegations against each Defendant</u> so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is granted;

FURTHER, that Plaintiff's Motion for a Temporary Restraining Order (Docket No. 8) is denied;

FURTHER, that Plaintiff is granted leave to file an amended complaint only as directed above by **May 15, 2017;**

FURTHER, that if Plaintiff does not file an amended complaint as directed above, that the Second Amended Complaint (Docket No. 6) is dismissed with prejudice;

FURTHER, that in the event the Second Amended Complaint is dismissed because Plaintiff has failed to amend, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that in the event the Second Amended Complaint is dismissed because Plaintiff has failed to amend, Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   April 3, 2017
         Buffalo, NY