UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY AIKENS,

        Plaintiff,

  -v-                                               16-CV-772WMS
                                                      ORDER
MR. HERBST, et al,

        Defendants.
_____

## INTRODUCTION

Plaintiff Anthony Aikens, an inmate at the Attica Correctional Facility ("Attica"), filed this *pro se* 42 U.S.C. § 1983 action against several prison officials and a member of the prison medical staff, alleging deliberate indifference to his medical needs in violation of his Eighth Amendment rights. Plaintiff filed his original Complaint on September 26, 2016 (Docket No. 1), together with a Motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (Docket No. 2). Plaintiff filed an Amended Complaint on October 20, 2016 (Docket No. 4), and, on November 8, 2016, filed a Second Amended Complaint (Docket No. 6).

In its April 3, 2017 Order (Docket No. 10, hereinafter, the "April 2017 Order"), this Court granted Plaintiff's request to proceed *in forma pauperis*, denied his *ex parte* Motion for a temporary restraining order and preliminary injunction (Docket No. 8), and screened Plaintiff's Second Amended Complaint pursuant to the 28 U.S.C. §§ 1915(e) and 1915A criteria. This Court found that the allegations concerning Plaintiff's medical treatment were insufficient to allege an Eighth Amendment claim based on Defendants'

1

deliberate indifference to medical needs because he failed to establish (1) the existence of a serious medical condition or (2) anything more than negligence on the part of the prison staff. In the April 2017 Order, this Court held that the violation described by Plaintiff was based on the decision to prescribe one form of medication in lieu of another, and therefore did not constitute deliberate indifference to Plaintiff's medical needs. *See Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013). With respect to Plaintiff's Eighth Amendment sleep deprivation claim, this Court found that Second Amended Complaint failed to allege any harmful effects on Plaintiff's health beyond temporary pain and discomfort.

This Court dismissed the Second Amended Complaint with leave to amend. Specifically, this Court granted Plaintiff leave to file an amended complaint alleging, if possible, that the decision to prescribe him a certain medication and the determination concerning the severity of his medical condition were based on something other than medical judgment, and that Defendants acted with a culpable state of mind in making these decisions.

## **DISCUSSION**

Presently before this Court is Plaintiff's Third Amended Complaint (Docket No. 11), in which he again asserts an Eighth Amendment claim of deliberate indifference to medical needs against Defendants Nurse Herbst, Sergeant Zolads, Inmate Grievance Supervisor Becker, and Superintendent Thompson. Plaintiff's current factual allegations are substantially similar to those alleged in the Second Amended Complaint; indeed, the Third Amended Complaint repeatedly refers to the Second Amended Complaint. The Third Amended Complaint describes an alleged incident in which Plaintiff developed a

2

rash after being moved to a new cell that was equipped with infected bedding. He was advised by Nurse Herbst to submit a sick call slip to be treated for the rash. The bedding was changed the following day and, shortly thereafter, Nurse Herbst provided Plaintiff with pills to treat the symptoms of his rash.

In the April 2017 Order, this Court advised Plaintiff that he must establish that Defendants acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The subjective component requires "more than mere negligence," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), and a "disagreement over [ ] proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Again, as in the Second Amended Complaint, Plaintiff has failed to allege the existence of a serious medical condition that could result in death, degeneration or extreme pain. Although Plaintiff alleges that he did suffer a week-long period of severe pain, his complaints concerning his rash essentially amount to "a dispute between patient and [the medical staff] over the proper diagnosis for his symptoms, and [his claim] is therefore not cognizable*." Lewal v. Wiley*, 29 F. App'x 26, 28 (2d Cir. 2002) (citing *Chance*, 143 F.3d at 703) (finding that plaintiff's claim concerning defendants failure to treat his persistent rash did "not allege[ ] the existence of a serious medical condition, nor . . . anything more than mere negligence on the part of the medical staff."). Plaintiff specifically alleges that Nurse Herbst "clearly knew that [he] suffered

3

and was being treated for a degenerative condition that tends to cause extreme pain and denied [his] request to be seen by a doctor for the severe rash he had all over his body" (Docket No. 11, p. 5). Plaintiff reveals, however, that Nurse Herbst declined his request to see the doctor because the nurse initially determined that the rash was not severe enough to require a doctor's opinion, and he provided Plaintiff with medication to treat his itchiness. Even assuming that Nurse Herbst incorrectly assessed Plaintiff's condition, such allegations would not constitute anything more than mere negligence.

Moreover, the Third Amended Complaint is devoid of factual allegations that any Defendant acted with the culpable state of mind required for deliberate indifference. Nothing in the pleadings suggests that the prison medical staff or officials knew of and disregarded an excessive risk to Plaintiff's health and safety: Plaintiff's infected bedding was changed the day after the condition was discovered; his rash was also treated the next day with medication to relieve "the itching"; and additional rash treatment medication was ordered on the following day (Docket No. 11, p. 4). Plaintiff does not allege that determinations concerning the bedding and the severity of his medical condition were based on some ulterior motive, or were made with anything other than medical judgment. With respect to Plaintiff's claim of sleep deprivation, the Third Amended Complaint does not allege any additional facts establishing that Plaintiff suffered health effects resulting therefrom that would rise to the severity sufficient to state an Eighth Amendment violation. *See Jones v. Smith*, No. 9:09-CV-1058 GLS/ATB, 2015 WL 5750136, at *15 (N.D.N.Y. Sept. 30, 2015).

As this is Plaintiff's fourth attempt to plead a valid claim, this Court concludes that any further attempt to amend the pleadings would be futile. Consequently, the Third

Amended Complaint is dismissed without leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## **CONCLUSION**

For the reasons set forth above, the Third Amended Complaint (Docket No. 11) is dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). This Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT IS HEREBY ORDERED, that the Third Amended Complaint (Docket No. 11) is dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1);

FURTHER, that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied;

FURTHER; that the Clerk of Court is directed to close this case.

SO ORDERED.

DATED: June 30, 2017
           Buffalo, NY

/s/William M. Skretny
William M. Skretny
United States District Judge